ties of the individual components." *Id.* col.2 ll.63–65.

Both the claims and the specification make clear that homogenization must result in the formation of an alloy between components A and B. The notion that "components A and B," as specified in the claims, are merely different metallurgical phases of the same alloy is inconsistent with this requirement. An alloy between the components is not formed through homogenization where the process begins and ends with the very same alloy. Additionally, not one of the embodiments discussed in the patent discloses the use of the same alloy for components A and B.[4] Thus, we hold that the district court correctly construed the term "components" to exclude metallurgical phases of a single alloy.

■ To the extent ImageCube attempts to raise issues other than claim construction, we find that these issues have been waived. Following summary judgment, ImageCube filed a motion for entry of judgment under Rule 54(b), stipulating that, "given the present claim construction, [ImageCube cannot] prove infringement by Boeing;" thus, "[t]his case is final with respect to Boeing." J.A. 3298. In so stipulating, ImageCube waived issues other than claim construction with respect to Boeing. In any event, we find Image-

Cube's arguments relating to these issues to be without merit.

**AFFIRMED.**

**TOFASCO OF AMERICA, INC.,**
**Plaintiff–Appellant,**

v.

**ATICO INTERNATIONAL U.S.A.,**
**INC., Defendant–Appellee,**

and

Williams–Sonoma, Inc., Longs Drug Stores Corporation, and Motorsports Authentics, Inc., Defendants.

No. 2010–1208.

United States Court of Appeals, Federal Circuit.

July 6, 2011.

---

4. ImageCube relies primarily on the following language from the patent to argue that metallurgical phases of an alloy can be components:

   [T]he liquid phase need not be comprised of a pure component B or a pure component A. The liquid phase may be comprised of, for example, an alloy of component A and component B....

   '875 Patent, col.11 ll.37–40. This quote, however, demonstrates no such thing. The specification notes that "homogenization is usually greatly enhanced when at least one of the

components is in the liquid state." *Id.* col.11 ll.26–27. In this embodiment, solid particles of one component will be suspended in the liquid phase of the other component to form the dispersion. In the portion of the specification quoted above, it is noted that the liquid portion of the dispersion need not be comprised of pure component A or B, but may be comprised of a liquid alloy of the two components. This does not, however, negate the requirement that there be two distinct materials rather than metallurgical phases of the same material.

## ON MOTION

### ORDER

Upon consideration of Tofasco of America, Inc.'s motions to withdraw its appeal.

IT IS ORDERED THAT:

(1) The motions to withdraw are granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

Elmer E. CAMPBELL, Jr., Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 2011–3096.

United States Court of Appeals, Federal Circuit.

July 6, 2011.

Elmer E. Campbell Jr., Vallejo, CA, pro se.

Katherine M. Smith, Merit Systems Protection Board, Jessica R. Toplin, Department of Justice Washington, DC, for Respondent.

## ON MOTION

### ORDER

Elmer E. Campbell, Jr. moves for reconsideration of the court's order dismissing his petition for failure to file his informal brief.

Upon consideration thereof,

IT IS ORDERED THAT:

The motion will be granted, the mandate will be recalled, the dismissal order will be vacated, and the appeal will be reinstated, if Campbell files his informal brief within 21 days of the date of filing of this order.

NSK Corporation, NSK Ltd., and NSK Europe Ltd., Plaintiffs–Appellees,

and

FAG Italia, S.P.A., Schaeffler Group USA, Inc., Schaeffler KG, The Barden Corporation, and The Barden Corporation (U.K.) Ltd., Plaintiffs–Cross Appellants,

and

JTEKT Corporation and Koyo Corporation of U.S.A., Plaintiffs–Appellees,

and

SKF Aeroengine Bearings UK and SKF USA Inc., Plaintiffs– Cross Appellants,

v.

UNITED STATES, Defendant– Appellant,

and

The Timken Company, Defendant– Appellant.

Nos. 2011–1362, 2011–1382, 2011–1383, 2011–1454.

United States Court of Appeals, Federal Circuit.

July 6, 2011.